**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Quiwaneca Spikes,<br>Plaintiff<br>v.<br>William Ruebart, et al.,<br>Defendants | Case No.: 2:24-cv-01813-JAD-NJK<br>**Order Screening and Dismissing Second Amended Complaint with Leave to Amend or Voluntarily Dismiss by October 5, 2026**<br>[ECF Nos. 10, 19] |

Plaintiff Quiwaneca Spikes brings this civil-rights action under 42 U.S.C. § 1983 against Florence McClure Women's Correctional Center (FMWCC) staff for an assortment of Eighth Amendment violations that she claims were committed during her incarceration. I screen her 43-page second amended complaint (SAC) under 28 U.S.C. § 1915A. Having done so, I find that Spikes's SAC violates the rules of this court because she seeks to assert claims in a "shotgun" pleading approach and brings claims that she has raised in other lawsuits before this court. So I dismiss her SAC in its entirety without prejudice, and I give Spikes until October 5, 2026, to file a proper third amended complaint or to voluntarily dismiss this action. Lastly, because Spikes is no longer incarcerated, I grant her leave to proceed without prepayment of fees and costs under 28 U.S.C. § 1915(a)(1)[1] based on her financial information.[2]

[1] Plaintiff is not subject to the requirements of 28 U.S.C. § 1915(a)(2) and (b) because she is no longer a "prisoner" within the meaning of the statute. *See* 28 U.S.C. § 1915(h).

[2] ECF No. 19.

## Background

### A. Spikes's factual allegations[3]

Spikes brings this action to address a myriad of issues related to her health and conditions of confinement. In claim 1, Spikes takes issue with the cleanliness of the showers and bathrooms and fungus issues, for which she generally blames Warden Ruebart and "his officials."[4] In claim 2, Spikes raises medical issues related to a bump on her left hip and takes issue with the treatment that the defendants provided.[5] In claim 3, she spends 13 pages raising issues about the cleanliness of the entire facility and her exposure to "contagious people and surfaces" in her cell, the library, the school, her pod, the infirmary, and other spaces.[6] In claim 4, Spikes spends 9 pages raising issues related to secondhand smoke in the prison and her subsequent health issues.[7] And in claim 5, she raises issues with the broken intercom system as it generally relates to her health, cleanliness of the facility, secondhand smoke, and issues with other inmates.[8]

### B. Spikes's claims

Based on these events, Spikes asserts Eighth Amendment claims for unsafe conditions of confinement and deliberate indifference to serious medical needs.[9] She sues Ruebart, Nash,

---

[3] This is a summary of allegations and should not be taken as findings of fact.

[4] ECF No. 10 at 5–7.

[5] *Id.* at 8–13.

[6] *Id.* at 15–27.

[7] *Id.* at 28–36.

[8] *Id.* at 37–40.

[9] *Id.* at 5, 8, 15, 28, 37.

Najera, Dreeson, Lynch, Evangelista, Gilipse, Lewis, Michelle, Raines, Ella, Jean, and Bridge.[10] She seeks $5 million dollars as well as declaratory and injunctive relief.[11]

## Discussion

### A. Spikes's SAC is an improper "shotgun" pleading.

Spikes's pleading combines all the gripes, complaints, and objections that she amassed against FMWCC and its staff members during her time at the facility. As a result, her SAC is the essence of a "shotgun pleading," which is not permitted by the rules of this court.

A basic lawsuit is a single claim against a single defendant. FRCP 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. FRCP 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." However, unrelated claims that involve different defendants must be brought in separate lawsuits.[12] This rule is not intended only to avoid confusion that arises out of bloated lawsuits, but also to ensure that inmates pay the required filing fees for their lawsuits and prevent inmates from circumventing the three strikes rule under the Prison Litigation Reform Act.[13]

When a complaint contains numerous claims against several defendants for unrelated conduct, it is known as a "shotgun pleading." "The problem with shotgun pleadings," as the

---

[10] *Id.* at 2–3.

[11] *Id.* at 41.

[12] *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (holding that "[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner").

[13] 28 U.S.C. § 1915(g).

Ninth Circuit explained in In *Gibson v. City of Portland*, "is that they make it difficult, if not impossible, for the opposing party to formulate a response."[14] The Ninth Circuit identified the four main types of shotgun pleadings:

> (1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to be a combination of the entire complaint; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into a different count each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.[15]

It reiterated that "[i]t is not the job of the district courts to make sense of the pleading, to supply facts to support the claim, or to imagine the claims that might fit the facts."[16] It also noted that district courts have the "inherent authority to control [their] docket[s] and ensure the prompt resolution of lawsuits, which in some circumstances includes the power to dismiss a complaint for failure to comply with Rule 8(a)(2) and Rule 10(b) [of the Federal Rules of Civil Procedure (FRCP)]."[17] The Ninth Circuit reflected that "allowing the party to replead the complaint, not only provides better notice to opposing parties of the claims against them, but prevents the needless expenditure of finite judicial resources."[18] And it concluded that "Rule 8 provides district courts with an additional tool that they may use to dismiss shotgun pleadings when identified—not a rule necessarily requiring district courts do so, however prudent it may be."[19]

---

[14] *Gibson v. City of Portland*, 165 F.4th 1265, 1288 (9th Cir. 2026).

[15] *Id*. (citation modified).

[16] *Id.* at 1289.

[17] *Id.* (citation modified).

[18] *Id.* at 1290.

[19] *Id.*

The upshot of this analysis is that the function of a complaint is not to list every single fact relating to the plaintiff's claims. Instead, a plaintiff must set forth her claims in a simple, concise, and direct manner in order to meet the requirements of FRCP 8. For example, a complaint that "contains multiple counts, incorporating allegations for all preceding counts" is "conclusory and vague" and "asserts multiple claims against multiple defendants without identifying who did what" violates "three of the four categories of shotgun pleadings" identified by the Ninth Circuit.[20] So I dismiss Spikes's SAC because it is a shotgun-style pleading that does not comply with the Federal Rules of Civil Procedure.

**B. Spikes has leave to amend to cure the problems with her second amended complaint.**

"A *pro se* litigant must be given leave to amend . . . her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." [21] Because I cannot yet conclude that Spikes will be unable to fix the problems with her second amended complaint, I grant her leave to amend to file a third amended complaint with instructions.

Spikes's third amended complaint must contain "a short and plain statement of the claim showing that [she] is entitled to relief,"[22] and "[e]ach allegation must be simple, concise, and direct."[23] She must also state her claims or defenses in numbered paragraphs and limit them to a single set of circumstances and each claim founded "on a separate transaction or occurrence . . .

---

[20] *Id.* at 1291.

[21] *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

[22] Fed. R. Civ. P. 8(a)(2).

[23] Fed. R. Civ. P. 8(d)(1).

must be stated in a separate count."[24] Each claim raised the third amended complaint must be permitted by either Rule 18 or Rule 20. Spikes may state a single claim against a single defendant. She may then add any additional claims to this action that are against the same defendant under FRCP 18. She may also add any additional claims against other defendants **if those claims arise from the same transaction, occurrence, or series of transactions as her original claim**.[25] Any attempt to join claims that are not permitted by the FRCP will result in those claims being dismissed as improperly joined. I note that this is not the first time Spikes has been made aware of how to file a properly formatted complaint in this court.[26] If Spikes fails to comply with these rules when drafting and filing her third amended complaint, I will dismiss this action.

If Spikes chooses to file a third amended complaint, she is advised that the amended complaint will replace the original and previously amended complaints, so the it must be complete in itself.[27] This means that Spikes's third amended complaint must contain all claims, defendants, and factual allegations that she wishes to pursue in this lawsuit but must also comply with the FRCP and General Order 2021-05, with the limitations explained in this order. Spikes must file the third amended complaint on this court's approved prisoner-civil-rights form, and it must be entitled "Third Amended Complaint." Spikes must follow the instructions on the form.

---

[24] Fed. R. Civ. P. 10(b).

[25] Fed. R. Civ. P. 20(a)(2).

[26] *See Spikes v. Ella*, 2:24-cv-01815-ART-EJY, ECF No. 16 at 4–10.

[27] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

She need not and should not allege very many facts in the "nature of the case" section of the form. Rather, in each claim, she should allege facts sufficient to show what each defendant did to violate her civil rights. **She must file the third amended complaint by October 5, 2026. Alternatively, if she is actively pursuing her claims in a different lawsuit, she may voluntarily dismiss this action without prejudice.**

**C. Spikes cannot raise the same claims that she has raised in other lawsuits.**

Spikes is also cautioned that she cannot raise the same claims in multiple federal lawsuits. Duplicative litigation by a plaintiff proceeding *in forma pauperis* may be dismissed as malicious under 28 U.S.C. § 1915(e).[28] Although Spikes's SAC is disorganized and unclear, claims 2 and 4 in the SAC appear to raise similar issues that she raised in her third amended complaint in *Spikes v. Ella*, 2:24-cv-01815-ART-EJY, and which were addressed in that case by the screening order.[29] If Spikes chooses to amend, she may not include in her amended complaint any claims that she's raised in another federal lawsuit.

**Conclusion**

IT IS THEREFORE ORDERED that the operative complaint is the SAC (ECF No. 10).

**The Clerk of the Court is directed to SEND** Spikes the approved form for filing a § 1983 prisoner complaint, instructions for the same, a copy of her SAC (ECF No. 10).

IT IS FURTHER ORDERED that Spikes's application to proceed in district court without prepayment of fees or costs **(ECF No. 19) is GRANTED.**

---

[28] *See Cato*, 70 F.3d at 1105 n.2 (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (holding that repetitious litigation of virtually identical causes of action is subject to dismissal as malicious)); *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993) (holding that it is malicious for a "pauper" to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff).

[29] *Spikes v. Ella*, 2:24-cv-01815-ART-EJY, ECF No. 24.

IT IS FURTHER ORDERED that **the SAC (ECF No. 10) is DISMISSED** without prejudice and **with leave to amend by October 5, 2026.** If Spikes chooses to file a third amended complaint, she must use the approved form and she will write the words "Third Amended" above the words "Civil Rights Complaint" in the caption. **If she does not file a third amended complaint or notice to voluntarily dismiss this case by October 5, 2026, the court will dismiss this action without prejudice.**

Dated: September 4, 2026

U.S. District Judge